**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:16-cv-01329-NYW

VIOLETA SOLIS,
CESAR SALAZAR,
EDGAR CEBALLOS,
AARON SALAS,
HILDEBERTO ALDECO BALTAZAR,
JUAN RAMON RODRIGUEZ,
and those similarly situated,

    Plaintiffs,

v.

THE CIRCLE GROUP, LLC,
LA DRYWALL, INC.,
L.A.G. DRYWALL, INC.,
JAVIER MARTINEZ DRYWALL, LLC,
GULF COAST CONSTRUCTION, INC.
JOSE MENDIOLA (AKA "CABALLO"),
JESUS ORNELAS (AKA "CHUY"),
JAVIER MARTINEZ, and
JEFFREY MUSTO;

    Defendants.

---

**UNOPPOSED MOTION TO FILE SECOND AMENDED COMPLAINT**

---

    Plaintiffs Violeta Solis, Cesar Salazar, Edgar Ceballo, Aaron Salas, Hildeberto Aldeco Baltazar, and Juan Ramon Rodriguez (collectively "Plaintiffs") through their attorneys, Mary Jo Lowrey and Sarah Parady of Lowrey Parady, LLC, and Alexander Hood and David Seligman of Towards Justice, hereby respectfully move the Court pursuant to Fed. R. Civ. P. 15(a)(2) to accept for filing their Second Amended Complaint, attached hereto as Exhibit A, for the following reasons:

1. **Certificate of Compliance with D.Colo.LCivR 7.1A**:  Plaintiffs' counsel have conferred with counsel for Defendants L.A.G. Drywall, Inc., Ellie Lockwood and James Kilroy of the law firm of Snell & Wilmer and with counsel for The Circle Group, LLC and Jeffrey Musto, Robert G. Bernhoft of The Bernhoft Law Firm, S.C., who state in writing that they <u>do not oppose</u> this motion.  *See* Exhibit C.  Plaintiffs attempted to confer with counsel for Defendant Gulf Coast Construction, Mr. Bijan Kasraie, who responded to the conferral email on Thursday, July 28, 2016 but did not indicate his position on this Motion and has not since done so.  *Id.*  Plaintiffs are unaware of counsel representing the remaining Defendants in this matter.

2. Plaintiffs filed their First Amended Complaint in this matter on June 22, 2016.

3. No Defendant has yet answered or otherwise responded to the First Amended Complaint.

4. Some Defendants are not yet represented by counsel and therefore have not agreed in writing to the filing of the Second Amended Complaint.  Accordingly, out of an abundance of caution, Plaintiffs move for leave of the court pursuant to Rule 15(a)(2) with respect to those Defendants.

5. Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." In general, denying leave to amend is "only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

6. The primary purposes of the Complaint are to add three new Plaintiffs, Ms. Adriana Lira, Ms. Nancy Gutierrez, and Ms. Beatriz Miramontes, and to add claims arising from

EEOC Charges only recently exhausted by these Plaintiffs and three existing Plaintiffs, Mr. Aaron Salas, Mr. Hildeberto Aldeco Baltazar, and Mr. Juan Ramon Rodriguez.

7. A redline version of the Second Amended Complaint compared to the First Amended Complaint is attached hereto as Exhibit B.

8. Plaintiffs have not unduly delayed moving to amend. This case is still in its early stages, no Defendant has yet entered an appearance, the Scheduling Conference has not yet been held, and Plaintiffs are still working to serve all Defendants. In addition, Plaintiffs received the EEOC Notices of Right to Sue for Ms. Nancy Gutierrez and Ms. Beatriz Miramontes today, August 2, 2016.

9. For these same reasons, no opposing party will be prejudiced by the filing of this Second Amended Complaint

10. This motion is not motivated by any desire to delay this litigation or by any other bad faith motive. The principal purpose of the proposed amendment is the addition of a new plaintiff who has only recently exhausted her Title VII claims before the EEOC, discrimination claims for several existing plaintiffs that have only recently been exhausted before the EEOC, and retaliation claims based on facts that Plaintiffs' counsel only recently discovered.

11. Plaintiffs have not failed to cure any deficiencies by amendment previously allowed, because no discretionary amendments have yet been moved for and permitted by the Court.

12. Amendment is not futile, because the Complaint states valid claims for relief.

WHEREFORE, Plaintiffs respectfully request that the Court order the filing of Plaintiffs' Second Amended Complaint, attached hereto as Exhibit A.

Respectfully submitted this August 2, 2016.

> */s/ Sarah J. Parady*
> Sarah J. Parady
> Mary Jo Lowrey
> Lowrey Parady, LLC
> 1725 High Street, Suite 1
> Denver, CO  80218
> Tel. (303) 593-2595, Fax (303) 502-9119
> sarah@lowrey-parady.com
> maryjo@lowrey-parady.com

## CERTIFICATE OF SERVICE

  I hereby certify that on August 2, 2016, I sent an electronic copy of the foregoing MOTION TO FILE SECOND AMENDED COMPLAINT as follows:

Alexander Hood
David Seligman
Towards Justice
1535 High Street, Suite 300
Denver, CO 80218

Robert G. Bernoft
The Bernhoft Law Firm, S.C.
1200 Colorado Street, Suite 440
Austin, TX 78701
Email: rgbernhoft@bernhoftlaw.com
Email: djtreuden@bernhoftlaw.com
*Attorney for The Circle Group, LLC and Jeffrey Musto*

Alice Powers
Lewis Brisbois Bisgaard & Smith, LLP
1700 Lincoln, Suite 4000
Denver, CO 80203
Via Email: Alice.Powers@lewisbrisbois.com
*Attorney for The Circle Group, LLC and Jeffrey Musto*

Ellie Lockwood
James Kilroy
Snell & Wilmer, L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202
Email: elockwood@swlaw.com
Email: jkilroy@swlaw.com
*Attorneys for L.A.G. Drywall, Inc.*

              */s/ Carol Zumwalt*
              _____
              Carol Zumwalt