# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-1329-RBJ

VIOLETA SOLIS,
CESAR SALAZAR,
EDGAR CEBALLOS,
AARON SALAS,
HILDEBERTO ALDECO BALTAZAR,
JUAN RAMON RODRIGUEZ,
ADRIANA LIRA,
NANCY GUTIERREZ,
BEATRIZ MIRAMONTES,
 and those similarly situated,

     Plaintiffs,

v.

CIRCLE GROUP, LLC, THE,
LA DRYWALL, INC.,
L.A.G. DRYWALL, INC.,
JAVIER MARTINEZ DRYWALL, LLC
GULF COAST CONSTRUCTION, INC.,
JOSE MENDIOLA (AKA "CABALLO"),
JESUS ORNELAS (AKA "CHUY"),
JAVIER MARTINEZ, and
JEFFREY MUSTO

     Defendants.

---

## STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIAL

---

THE PARTIES HEREBY CERTIFY THAT THEY HAVE REVIEWED THE COURT'S PRACTICE STANDARDS CONCERNING PROTECTIVE ORDERS AND WILL COMPLY WITH THE DIRECTIONS THEREIN REGARDING FILINGS WITH THE COURT.

It is hereby stipulated and agreed by and among the parties that, subject to approval by the Court, the following Stipulated Protective Order ("Protective Order") shall govern the

discovery and dissemination of confidential and proprietary information produced by the parties in the course of this Action.

1.      **Discovery Material.**   This Order applies to all documents, the information contained therein, and all other information produced or disclosed in connection with this litigation whether revealed in a document, in deposition, in trial or other testimony, in discovery responses, or otherwise ("discovery material") by any party (including third parties not named in this action) (the "producing party") to any other party or parties (the "receiving party").

2.      **Designation and Use of Discovery Material**.   This Order shall govern the designation and handling of trade secret and other confidential research, development, or commercial information contained in discovery material that the producing party believes in good faith is properly subject to protection from disclosure by law or otherwise subject to protection by law.  In addition, this Order shall govern the disclosure of any sensitive personal information, such as medical records and financial information.  Any person (including third parties not named in this action) who is required to produce documents or information in discovery in this case may designate material produced as "Confidential Material" pursuant to this Order.

3.      **Use of Confidential Materials**.  With the exception of documents or information that have become publicly available without a breach of the terms of this Order, all documents, information or other discovery material produced or discovered in this action that have been designated by a named party to this case as Confidential Material shall be used solely for the prosecution or defense of this action.

4.     **Rights Unaffected**.  The terms of this Order shall in no way affect the right of any person to: (a) withhold information on alleged grounds of immunity or protection from discovery, including but not limited to privilege and work product grounds; or (b) to withhold information on alleged grounds that such information is neither relevant to any claim or defense.

5.     **Designation of Documents as Confidential Material**.  For purposes of this Order, the term "document"  means any written, printed, recorded, or graphic matter that is in Your actual or constructive possession, custody, care, or control, regardless of the medium on which it is produced, reproduced, or stored, including, but not limited to, correspondence, records, reports, memoranda, notes, letters, telegrams, telexes, messages, studies, analyses, books, booklets, magazines, newspapers, press releases, publications, pamphlets, circulars, bulletins, instructions, minutes, and other communications (including, but not limited to, interoffice and intra-office communications and communications to your own files), contracts, memoranda of agreement, working papers, records or summaries of negotiations, voice recordings, records or summaries of personal interviews or conversations, appointment calendars, diaries, schedules, printouts, drawings, forecasts, invoices, statements, bills, checks, bank books, bank statements, microfilm, microfiche, photographic negatives, computer software and other computer-readable records of programs, and all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained, and translated if necessary.  The term "document" also includes all originals, drafts of a document, and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original.

25134556.1

(a)      All documents or categories of documents that the producing party believes in good faith contain Confidential Material shall be marked by the producing party with the legend "Confidential Material – Subject to Protective Order" in a size and location that makes the designation readily appearance.

(b)      With respect to transcribed testimony, any confidential portion shall be designated on the record at the time of the deposition or by providing written notice to opposing counsel of the portions deemed confidential within ten days after receipt of the transcript. During the ten day waiting period the entire transcript shall be treated as confidential.

(c)      Responses to discovery requests shall be designated by imprinting "Confidential Informational" next to or above the response.

6.      **Non-Disclosure of Confidential Material**. Confidential Material, including any copy, portion, synopsis, summary, analysis, digest, translation, transcription, or other derivation thereof, shall be used only in accordance with paragraph 3 above and shall not be disclosed in any way to any person(s) except:

(a) The receiving party(ies);

(b) Any counsel of record in this Action, any lawyer specifically employed by such counsel, and any secretary, paralegal, law clerk or employee assisting such counsel, to the extent considered necessary to render professional services in connection with the prosecution or defense of this action;

25134556.1

(c) Court officials involved in this Action (including court reporters and videographers at depositions);

(d) Members of the jury in this Action, during trial and deliberations;

(e) Any expert or affiliate who is expressly retained by or on behalf of any party to provide assistance or testimony with respect to this Action;

(f) Persons noticed for depositions or designated as trial witnesses in this action, or those who counsel of record in good faith expect to testify at deposition or trial in this Action, to the extent reasonably necessary in preparing to testify;

(g) Outside vendors retained by outside counsel to provide support services such as translation, copying, scanning, imaging, culling, filtering, processing, or coding of documents or preparation of demonstrative exhibits;

(h) Any employee of a party or former employee of a party, but only to the extent considered necessary for the preparation and trial of this Action;

(i) Any affiliate or subsidiary of a party, or employee or former employee of an affiliate or subsidiary of a party, but only to the extent considered necessary for the preparation and trial of this Action;

(j) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(k) Any other person, if consented to by the producing party;

5

(l)  The insurer of any party, including liability insurers and those claiming subrogated interested in any recovery; and

(m) Any trial or jury consultant of any party.

In addition to the above allowable disclosures, Confidential Materials may be disclosed to focus groups or the like if all information contained in the documents which reveals the identity of the producing party or the party to whom the documents refers is completely removed and no other information concerning the identity of the producing party or the party to whom the document refers is provided.

7.  **Permissible Disclosure**.  With respect to Confidential Material, including any copy, portion, synopsis, summary, analysis, or digest thereof, each person, other than the Court and the individuals identified in paragraphs 6(a) and (c), shall be provided a copy of this order. In addition, the individuals identified in paragraph 6(d) though (k) shall execute an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A.  Counsel for the receiving party shall retain executed Agreements to Maintain Confidentiality in his or her file at least until this lawsuit has been concluded and all Confidential Material has been returned and/or destroyed pursuant to paragraph 16 below.  Any person to whom Confidential Material is disclosed by the receiving party or by any person who obtains such Confidential Material from the receiving party shall be bound by the provisions of this Order and subject to all appropriate sanctions and remedies for any violation hereof.

8.  **Declassification**.

(a)  Nothing shall prevent disclosure beyond that limited by this Order if the producing party consents in writing to such disclosure.

25134556.1

(b)     A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made, and the basis for the objection. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed within (10) business days from receipt of notice, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

9.     **Non-Termination**.     Documents or information designated as Confidential Material shall retain that designation and remain subject to the terms of this Order until such time, if ever, as: (a) the Court renders a decision that any such document or information is not properly subject to protection from disclosure by law or otherwise; (b) a Declassification Event occurs with respect to such document or information; or (c) such document or information becomes publicly available without a breach of the terms of this Order.

25134556.1

10.     **No Waiver of Rights or Implication of Discoverability**.  This Order does not operate as an agreement by any party to produce any or all documents and/or information demanded or requested by another party.  Nothing in this Order shall enlarge or in any way affect the proper scope of discovery in this action, nor shall anything in this Order imply that any confidential information is properly discoverable, relevant, or admissible in this action.  Nothing in this Order shall be construed as an agreement to either enlarge or restrict the scope of protection afforded by Colorado law.

11.     **Inadvertent Disclosures**.

(a)     The inadvertent production of any discovery material that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine. If any such discovery material is inadvertently produced, upon request from the producing party, the receiving party shall promptly return the discovery material and all copies of the discovery material in its possession, delete any electronic versions of the discovery material it maintains within ten (10) days, and make no use of the information contained in the discovery material. The party returning such discovery material shall have the right to apply to the Court for an Order that such discovery material is not protected from disclosure by any privilege, but may not assert as a ground for such application the fact or circumstances of the inadvertent production.

(b)     In the event the producing party or other person inadvertently fails to designate discovery material as Confidential Material, it may make such a designation subsequently by notifying all persons and parties to whom such discovery material were

8

produced, in writing, as soon as practicable. After receipt of such notification, the persons to whom production has been made shall prospectively treat the designated discovery material as Confidential Material, subject to their right to dispute such designation in accordance with paragraph 8.

12.    **Confidential Material in Court Filings**.  In any filing made with the Court, the parties shall not move to seal Confidential Material unless they make a good faith determination that such Confidential Material qualifies to be sealed under the Court's Practice Standards and, where possible, only those portions of filings with the Court that contain such qualifying Confidential Material shall be filed under seal.

13.    **Confidential Material Offered as Evidence at Trial.**  Confidential Material may be introduced by any party at the time of trial or at any court hearing.  At the time that such material is introduced, the Court shall issue such order as it deems appropriate for maintaining the confidentiality of such material.

14.    **Notice of Disclosure.**  Nothing in this Order shall prevent disclosure beyond the terms of this Order if the producing party consents in writing to such disclosure, or if the Court, after affording notice and an opportunity to be heard to all affected parties, orders such disclosure.  In the event that any Confidential Material, or any copy, portion, synopsis, summary, analysis or digest thereof is required by law to be disclosed by order, subpoena or otherwise, the party required to disclose such confidential information will notify the producing party promptly so that the producing party may seek a protective order or other appropriate remedy or, in the producing party's sole discretion, waive compliance with certain terms of this Order. In the event that no protective order or other remedy is obtained, or that the producing party waives

9

compliance, only that portion of confidential information that is legally required to be disclosed shall be furnished and all reasonable efforts will be exercised to obtain reliable assurance that confidential treatment will be accorded to the confidential information so disclosed.

15. **Return of Confidential Material.**

(a) At the conclusion of this lawsuit by dismissal, stipulation, or final order or judgment, or any appeal therefrom, all Confidential Material received by whomever in paper or other tangible form, including all copies and summaries or compilations thereof, shall be returned to the producing party or destroyed and all electronic versions of such Confidential Material (including any synopsis, summary, analysis, and/or digest thereof) shall be destroyed within:

**Plaintiffs' proposed language**: three years or any longer time required by counsel's insurance or ethical obligations.

**Defendant LAG's proposed language**:  60 days of the conclusion of this lawsuit.  In addition, counsel for the receiving party shall certify in writing compliance with the requirements of this paragraph 15(a) within 65 days of the conclusion of this lawsuit.

**Defendants Circle Group & Mr. Musto's proposed language:**

60 days of the conclusion of this lawsuit.  In addition, counsel for the receiving party shall certify in writing compliance with the requirements of this paragraph 15(a) within 65 days of the conclusion of this lawsuit.

25134556.1

(b) Counsel for the receiving party shall promptly notify all persons listed in paragraphs 6(e) through (k) above to whom Confidential Material have been provided and/or disclosed that this lawsuit has been concluded and instruct them to return all Confidential Material in paper or other tangible form and destroy all electronic versions of Confidential Material within 30 days of the conclusion of this lawsuit to the extent required by this paragraph.   Counsel for the receiving party shall certify in writing compliance with the requirements of this paragraph 15(b) within 65 days of the conclusion of this lawsuit.  If any persons listed in paragraphs 6(e) through (k) above to whom Confidential Material has been provided and/or disclosed cease to be involved in this litigation or otherwise completes the purpose for which they were provided Confidential Material prior to the conclusion of this litigation, counsel for the receiving party shall promptly instruct them to return all Confidential Material in paper or other tangible form and destroy all electronic versions of the Confidential Material.

16.    **Continuing Obligations.**  The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Material pursuant to this Order and the Court shall retain continuing jurisdiction to enforce the terms of this Order.

17.     **Modification Permitted.**  Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

18.     **Responsibility of Attorneys.**   The attorneys of record are responsible for employing reasonable measures to control and record, consistent with this Order, access to, and distribution of Confidential Material, including abstracts and summaries thereof.  In the event of a change in counsel, withdrawing counsel shall fully instruct new counsel of their responsibilities under this Order and new counsel shall be obligated under this Order.

19.     **Improper Disclosure of Confidential Material.**  Disclosure of Confidential Material other than in accordance with the terms of this Order may subject the producing and/or receiving party to such sanctions and remedies as the Court may deem appropriate.

20.     **Evidentiary Value of Documents.**  By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

21.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court.

SO ORDERED this _____ day of _____, 20____.

BY THE COURT:


_____
United States District Court Judge

25134556.1

APPROVED AS TO FORM:


  */s Alice Powers*                     
Alice Powers
Lewis Brisbois Bisgaard & Smith, LLP
1700 Lincoln, Suite 4000
Denver, CO 80203
Via Email: Alice.Powers@lewisbrisbois.com
*Attorney for The Circle Group, LLC and Jeffrey Musto*

  */s Ellie Lockwood*               
James Kilroy
Ellie Lockwood
Snell & Wilmer, L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202
jkilroy@swlaw.com
elockwood@swlaw.com
*Attorneys for L.A.G. Drywall, Inc.*

  */s Mary Jo Lowrey*               
Mary Jo Lowrey
Sarah J. Parady
Lowrey Parady, LLC
1725 High Street, Suite 1
Denver, CO 80218
Telephone: (303) 593-2595
Fax: (303) 502-9119
sarah@lowrey-parady.com
maryjo@lowrey-parady.com

and

Alexander Hood
David Seligman
Towards Justice
1535 High Street, Suite 300
Denver, CO 80218
Telephone: (720) 248-8426
Fax: (303) 957-2289
Alex@towardsjustice.org
David@towardsjustice.org

*Attorneys for Plaintiffs*

13

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-1329-RBJ

VIOLETA SOLIS,
CESAR SALAZAR,
EDGAR CEBALLOS,
AARON SALAS,
HILDEBERTO ALDECO BALTAZAR,
JUAN RAMON RODRIGUEZ,
ADRIANA LIRA,
NANCY GUTIERREZ,
BEATRIZ MIRAMONTES,
 and those similarly situated,

       Plaintiffs,

v.

CIRCLE GROUP, LLC, THE,
LA DRYWALL, INC.,
L.A.G. DRYWALL, INC.,
JAVIER MARTINEZ DRYWALL, LLC
GULF COAST CONSTRUCTION, INC.,
JOSE MENDIOLA (AKA "CABALLO"),
JESUS ORNELAS (AKA "CHUY"),
JAVIER MARTINEZ, and
JEFFREY MUSTO

       Defendants.

---

**ACKNOWLEDGMENT AND CONSENT TO BE BOUND BY PROTECTIVE ORDER**

---

The undersigned, _____, hereby

acknowledges that I have been given a copy of the Protective Order (the "Protective Order")

entered by the Court in the above-captioned case and understand the terms thereof.  I agree not

14

to use the Confidential Information, as defined in the Order, for any purpose other than in connection with the investigation, prosecution or defense of claims in this Action (as defined in the Order), and I will not disclose the Confidential Information except in testimony taken in the Action, and will otherwise comply with the terms of the Order.  I will return to counsel of record in the Action at the end of my involvement or at the conclusion of the Action all Confidential Information that has been provided to me and all copies thereof, and I shall not make any copies of Confidential Information, except as is necessary to my participation in the Action.  I further submit to the jurisdiction of the Court for any action involving my violation of the Order.

Date: _____

Signature: _____
Print Name: _____
Address: _____

25134556.1