IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:16-cv-01329-RBJ

VIOLETA SOLIS,
CESAR SALAZAR,
EDGAR CEBALLOS,
AARON SALAS,
HILDEBERTO ALDECO BALTAZAR,
JUAN RAMON RODRIGUEZ,
ADRIANA LIRA,
NANCY GUTIERREZ,
BEATRIZ MIRAMONTES
and those similarly situated,

  Plaintiffs,

v.

THE CIRCLE GROUP, LLC,
LA DRYWALL, INC.,
L.A.G. DRYWALL, INC.,
JAVIER MARTINEZ DRYWALL, LLC,
GULF COAST CONSTRUCTION, INC.
JOSE MENDIOLA (AKA "CABALLO"),
JESUS ORNELAS (AKA "CHUY"),
JAVIER MARTINEZ, and
JEFFREY MUSTO;

  Defendants.

---

## CIVIL SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The scheduling conference in this matter was held on October 20, 2016 at 1:00 p.m. before Judge R. Brooke Jackson. Mary Jo Lowrey and Sarah J. Parady of Lowrey Parady, LLC, 1725 High Street, Suite 1, Denver, CO 80218, and David Seligman of Towards Justice, 1535 High Street, Suite 300, Denver, CO 80218 appeared on behalf of the Plaintiffs Violeta Solis,

Cesar Salazar, Edgar Ceballos, Aaron Salas, Hildeberto Aldeco Baltazar, Juan Ramon Rodriguez, Adriana Lira, Nancy Gutierrez, Beatrice Miramontes, and others similarly situated ("Plaintiffs"). Alice Conway Powers of Lewis Brisbois Bisgaard & Smith, LLP, 1700 Lincoln, Suite 4000, Denver, CO 80203 appeared on behalf of Defendants The Circle Group, LLC and Jeffrey Musto. James Kilroy and Ellie Lockwood of Snell & Wilmer, L.L.P., 1200 Seventeenth Street, Suite 1900, Denver, CO 80202 appeared on behalf of Defendant L.A.G. Drywall, Inc.

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 (federal question), the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). It has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' related claims under Colorado law.

Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to Plaintiffs' claims occurred in this District, where SkyHouse Denver is located.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiffs:

This case involves the mistreatment of laborers who install drywall in residential and commercial real estate projects. Many of these projects are chic, visible, and expensive developments in booming cities. For example, in Denver, Plaintiffs and some of the other workers they seek to represent installed drywall in a large residential real estate project at 1776 Broadway, Denver, Colorado ("SkyHouse Denver"). SkyHouse Denver is one of many other SkyHouse projects in urban centers around the country. According to one account, SkyHouse Denver includes the "signature SkyHouse on the top floor of the building [which] includes a club room, swimming pool, and fitness center. The building is targeting next-generation professionals

who are choosing to live in urban centers close to public transportation, employment centers, and cultural institutions."

SkyHouse Denver's targeted customers may be "next-generation professionals who are choosing to live in urban centers," but its targeted drywall workers are low-wage, immigrant laborers who are harmed by illegal pay and discrimination practices. Defendants exploit these workers by refusing to pay them for all of the hours they work and, pursuant to an apparent company-wide policy, refusing to pay them overtime premiums for hours worked in excess of 40 per week. Because of the high-pressure nature of drywall work, these workers are frequently required to work far more than 40 hours in a week and often more than 60 hours a week, and yet none of those excess hours are compensated with overtime premiums. They file this lawsuit after months of complaining in vain about their missing wages.

Defendants appear to engage in these illegal practices nationwide. In a recent media account of labor violations at the SkyHouse Denver project, one of the individual defendants explained that he closely supervised those who working drywall at SkyHouse Denver but that these workers, including Plaintiffs, were treated as "independent contractors" because that is how one of the national corporate Defendants in this case has set up its business.

Additionally, at SkyHouse Denver, Defendants exploited their workers by subjecting them to pervasive sex and race discrimination. Hispanic/Mexican-born female workers were paid less while performing harder and more dangerous work than other employees. Although many drywall workers did not have experience with drywall work before they begin at the SkyHouse Denver location, male workers were given an opportunity to learn to hang and install drywall. Latina workers, on the other hand, were assigned to the role of Cleaner/Laborer, where

they were tasked with cleaning, moving, and scraping debris off of the walls and the floors. While at work, they were subjected to catcalls and taunts.

In addition, *all* Hispanic/Mexican-born employees were subjected to pervasive harassment, jokes, and slurs based on their race, ethnicity, and national origin, and were more likely to be underpaid than other workers. When Plaintiff Solis asked her boss whether her employers would pay her the wages she had earned through her hard work, he laughed and called her a "poor Mexican."

    b.    Defendants:

<u>LAG Drywall, Inc.</u>

LAG Drywall, Inc. ("LAG") denies any liability, denies that it employed any of Plaintiffs, denies any responsibility for Plaintiffs' wages, and denies that Plaintiffs are entitled to any of the relief sought in their Second Amended Complaint against LAG. LAG specifically denies that any damages were caused by the acts, omissions, or conduct of LAG, or that LAG engaged in any wrongdoing. LAG does not waive and hereby expressly incorporates, as if fully set forth herein, all defenses asserted in its Answer.

<u>The Circle Group, LLC and Jeffrey Musto</u>

The Circle Group, LLC ("TCG") and Jeffrey Musto ("Musto") have a pending Motion to Dismiss all claims asserted against them. TCG and Musto deny any liability, deny that they employed any of the Plaintiffs, deny any responsibility for Plaintiffs' wages, and deny that Plaintiffs are entitled to any of the relief sought in their Second Amended Complaint against TCG and Musto. TCG and Musto specifically deny that any damages were caused by the acts, omissions, or conduct of TCG or Musto, or that TCG or Musto engaged in any wrongdoing.

    c.    Other Parties: There are no other parties at this time

## 4. UNDISPUTED FACTS

The parties agree to work together as the factual record develops to identify undisputed facts.

## 5. COMPUTATION OF DAMAGES

a.      Plaintiffs:

The computation of damages claimed by Plaintiffs cannot be precisely calculated without the benefit of further discovery. Based on information currently available, the following is a preliminary description prepared by counsel and *approximation* of the damages sought by Plaintiffs. Plaintiffs expect to amend their damages calculations after additional information is received.

Plaintiffs seek damages for themselves and all other similarly situated workers in the amount of their respective unpaid compensation, including wages and overtime compensation, plus an equal amount of liquidated damages and applicable penalties. Plaintiffs seek economic, compensatory, and punitive damages arising from Defendants' discriminatory conduct. Female Plaintiffs seek economic damages pursuant to the Equal Pay Act for Defendants' failure to pay female employees at equal rates to male employees.

The amount of losses for other similarly situated workers has not yet been determined.

Plaintiffs' estimated losses for unpaid wages and overtime compensation are as follows:

| | |
|---|---|
| Plaintiff Solis estimated unpaid wages | $3,137.50 |
| 125% Penalty of first $7,500 pursuant to the Colorado Wage Claim Act | $3,921.88 |
| 50% Increase in Penalties for Willfulness pursuant to the Colorado Wage Claim Act | $1,960.94 |
| Liquidated Damages pursuant to the Fair Labor Standards Act | $3,137.50 |
| **Plaintiff Solis' TOTAL Damages under FLSA and CWCA (excluding attorney fees and costs)** | **$12,157.81** |

| | |
|---|---|
| Plaintiff Salazar estimated unpaid wages | $3,472.00 |
| 125% Penalty of first $7,500 pursuant to the Colorado Wage Claim Act | $4,340.00 |
| 50% Penalty for Willfulness pursuant to the Colorado Wage Claim Act | $2,170.00 |
| Liquidated Damages pursuant to the Fair Labor Standards Act | $3,472.00 |
| **Plaintiff Salazar TOTAL Damages under FLSA and CWCA (excluding attorney fees and costs)** | **$13,454.00** |

| | |
|---|---|
| Plaintiff Ceballos estimated unpaid wages ($91 in Tennessee, $8270 in Colorado) | $8,361.00 |
| 125% Penalty of first $7,500 pursuant to the Colorado Wage Claim Act | $9,375.00 |
| 50% Penalty of remaining $ pursuant to the Colorado Wage Claim Act | $385.00 |
| 50% Penalty for Willfulness pursuant to the Colorado Wage Claim Act | $4,880.00 |
| Liquidated Damages pursuant to the Fair Labor Standards Act | $8,361.00 |
| **Plaintiff Ceballos TOTAL Damages under FLSA and CWCA (excluding attorney fees and costs)** | **$31,362.00** |

| | |
|---|---|
| Plaintiff Salas estimated unpaid wages | $3,600.00 |
| 125% Penalty of first $7,500 pursuant to the Colorado Wage Claim Act | $4,500.00 |
| 50% Increase in Penalties for Willfulness pursuant to the Colorado Wage Claim Act | $2,250.00 |
| Liquidated Damages pursuant to the Fair Labor Standards Act | $3,600.00 |
| **Plaintiff Salas' TOTAL Damages under FLSA and CWCA (excluding attorney fees and costs)** | **$13,950.00** |

| | |
|---|---|
| Plaintiff Baltazar estimated unpaid wages | $2,232.00 |
| 125% Penalty of first $7,500 pursuant to the Colorado Wage Claim Act | $2,790.00 |
| 50% Increase in Penalties for Willfulness pursuant to the Colorado Wage Claim Act | $1,395.00 |
| Liquidated Damages pursuant to the Fair Labor Standards Act | $2,232.00 |
| **Plaintiff Baltazar's TOTAL Damages under FLSA and CWCA (excluding attorney fees and costs)** | **$8,649.00** |

| | |
|---|---|
| Plaintiff Rodriguez estimated unpaid wages | $7,195.50 |
| 125% Penalty of first $7,500 pursuant to the Colorado Wage Claim Act | $8,994.38 |
| 50% Increase in Penalties for Willfulness pursuant to the Colorado Wage Claim Act | $4,497.19 |
| Liquidated Damages pursuant to the Fair Labor Standards Act | $7,195.50 |
| **Plaintiff Rodriguez's TOTAL Damages under FLSA and CWCA (excluding attorney fees and costs)** | $27,882.56 |

| | |
|---|---|
| Plaintiff Lira estimated unpaid wages | $7,240.00 |
| 125% Penalty of first $7,500 pursuant to the Colorado Wage Claim Act | $9,050.00 |
| 50% Increase in Penalties for Willfulness pursuant to the Colorado Wage Claim Act | $4,525.00 |
| Liquidated Damages pursuant to the Fair Labor Standards Act | $7,240.00 |
| **Plaintiff Lira's TOTAL Damages under FLSA and CWCA (excluding attorney fees and costs)** | $28,055.00 |

| | |
|---|---|
| Plaintiff Gutierrez estimated unpaid wages | $9,320.00 |
| 125% Penalty of first $7,500 pursuant to the Colorado Wage Claim Act | $9,375.00 |
| 50% Penalty of remaining $1820.00 pursuant to the Colorado Wage Claim Act | $910.00 |
| 50% Increase in Penalties for Willfulness pursuant to the Colorado Wage Claim Act | $5,142.50 |
| Liquidated Damages pursuant to the Fair Labor Standards Act | $9,320.00 |
| **Plaintiff Gutierrez's TOTAL Damages under FLSA and CWCA (excluding attorney fees and costs)** | $34,067.50 |

| | |
|---|---|
| Plaintiff Miramontes estimated unpaid wages | $10,008.00 |
| 125% Penalty of first $7,500 pursuant to the Colorado Wage Claim Act | $9,375.00 |
| 50% Penalty of remaining $2508.00 pursuant to the Colorado Wage Claim Act | $1,254.00 |
| 50% Increase in Penalties for Willfulness pursuant to the Colorado Wage Claim Act | $5,314.50 |
| Liquidated Damages pursuant to the Fair Labor Standards Act | $10,008.00 |

| | |
|---|---|
| Plaintiff Miramontes' TOTAL Damages under FLSA and CWCA (excluding attorney fees and costs) | $35,959.50 |

Additionally, Plaintiffs seek payment of their attorneys' fees and costs associated with this action.

b.   Defendants:

LAG Drywall, Inc.

LAG Drywall, Inc. denies any and all liability to Plaintiffs for any damages and further denies that Plaintiffs are entitled to recover damages. LAG also disputes Plaintiffs' computation of damages and damages theories. LAG does not allege any damages at this time but reserves the right to do so, including the right to seek attorneys' fees and costs.

TCG and Musto

TCG and Musto deny any and all liability to Plaintiffs for any damages and further deny that Plaintiffs are entitled to recover damages. TCG and Musto also dispute Plaintiffs' computation of damages and damages theories. TCG and Musto do not allege any damages at this time but reserve the right to do so, including the right to seek attorneys' fees and costs.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P.26(f)

a.   **Date of Rule 26(f) meeting.**

The Rule 26(f) meeting in this matter was held on August 24, 2016 at 3:00 p.m., in person at the office of Lowrey Parady, LLC, 1725 High St., Ste. 1, Denver, CO 80218.

b.   **Names of each participant and party he/she represented.**

The Rule 26(f) meeting on August 24, 2016, was held in person and attended by Mary Jo Lowrey, Sarah J. Parady, David Seligman and Dermot Lynch on behalf of the Plaintiffs, Alice

Powers on behalf of Defendants The Circle Group, LLC and Jeffrey Musto and James Kilroy and Ellie Lockwood on behalf of Defendant L.A.G. Drywall, Inc.

    c.    **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The parties exchanged Rule 26(a)(1) disclosures on September 21, 2016. Plaintiffs state that they provided Defendants with their initial disclosures on September 21, 2016, including initial disclosure documents and Defendants provided Plaintiffs with initial disclosure pleadings but as of the filing of the draft Scheduling Order have not yet provided any documents to Plaintiffs because a protective order has not yet been entered.

    d.    **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

No proposed changes.

    e.    **Statement concerning any agreements to conduct informal discovery:**

The parties will continue to discuss possible agreements regarding informal discovery.

    f.    **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties have agreed to work cooperatively and in good faith to reduce discovery and other litigation costs. The parties shall follow the Court's Discovery Dispute procedure as outlined in his Practice Standards. The parties have agreed to use a single, mutually agreed-upon court-certified interpreter for depositions for Spanish speakers, subject to availability and location. Exhibits shall be numbered according to the Court's Practice Standards; with numbers for the Plaintiffs and letters for the Defendants.

    g.    **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not anticipate that their claims or defenses will involve unusually extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. Where possible, the parties will produce documents in a searchable PDF format. The parties agree that upon request of another party, where reasonably possible to do so, they will additionally produce documents in their native format and/or allow inspection of documents. The parties also have agreed to preserve electronically stored information.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties discussed and will continue to discuss the possibility of early resolution of this matter.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of Magistrate Judge Nina Wang.

### 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

a. Plaintiffs    *15 to a side* [handwritten]

Plaintiffs propose to modify ~~the~~ presumptive number of depositions to fifteen (15) depositions per side, excluding expert depositions – 15 depositions total for all Plaintiffs and 15 depositions total for all Defendants. Plaintiffs propose that they be allowed to serve twenty-five (25) interrogatories on each Defendant and that each Defendant be allowed to serve twenty-five (25) interrogatories on all Plaintiffs collectively. Plaintiffs will oppose any attempt by

Defendants to depose or serve interrogatories on some or all class members should such requests be geared toward deterring opt-in participation in the action or be unduly burdensome.

    b.    Defendants *[handwritten: 15 to a side]*

LAG Drywall, Inc., TCG and Musto propose that Plaintiffs collectively shall have 15 depositions, excluding experts, and each party-defendant shall have 15 depositions, excluding expert depositions. LAG Drywall, Inc., TCG and Musto also proposes that all counsel work together in good faith to streamline and coordinate the scheduling of depositions so as to eliminate the need for the same deponent noticed by multiple parties to appear on multiple days, if possible.

LAG, TCG and Musto agree with Plaintiffs' proposal with respect to the number of interrogatories, and clarifies that if LAG serves an interrogatory on Plaintiffs, collectively, each Plaintiff is required to respond to that interrogatory and that interrogatory will only count as a single interrogatory, rather than nine.

    **b.**    **Limitations which any party proposes on the length of depositions.**

The parties propose to limit the length of depositions to seven (7) hours.

    **c.**    **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

    a.    Plaintiffs

Plaintiffs propose that they be allowed to serve twenty-five (25) requests for production on each Defendant and that each Defendant be allowed to serve twenty-five (25) requests for production on all Plaintiffs collectively. Plaintiffs propose that they be allowed to serve twenty-five (25) admissions on each Defendant and that each Defendant be allowed to serve twenty-five (25) admissions on all Plaintiffs collectively. Plaintiffs will oppose any attempt by Defendants

to serve requests for production and/or admission on some or all class members should such requests be geared toward deterring opt-in participation in the action or be unduly burdensome.

    b.    Defendants

LAG, TCG and Musto agree with Plaintiffs proposal with respect to the number of requests for production and requests for admission, and clarifies that if LAG serves a request for production or request for admission on Plaintiffs, collectively, each Plaintiff is required to respond to that request and that request will only count as a single request, rather than nine.

    d.    **Other Planning or Discovery Orders**

The parties agree that all parties may have 45 days to respond to written discovery requests due to the necessity of translating requests and responses. The parties will consider requesting any other planning or discovery orders as necessary. The parties intend to submit a proposed protective order in advance of the Scheduling Conference. The parties propose that Motions to Compel be due on the date of the close of discovery.

### 9. CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings: November 30, 2016, excluding those parties to be joined pursuant to Plaintiffs' forthcoming Motions for Certification of the Collective Action.

    b.    Discovery Cut-off: May 24, 2017. Plaintiffs propose that the deadline to file Motions for Certification of the Collective Action be set for December 16, 2016. Plaintiffs propose that, should the Court grant Plaintiffs' forthcoming Motion for Certification of the Collective Action, the Court set a second scheduling conference and modify the scheduling order to accommodate class-wide discovery.

    c.    Dispositive Motion Deadline: June 23, 2017.

d.    Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any:

   <u>Plaintiffs</u>

   Plaintiffs may retain a damages expert.

   <u>Defendants</u>

   LAG Drywall, Inc. anticipates using expert testimony, but at this stage, LAG has not identified the particular areas in which such testimony will be necessary.

   TCG and Musto likewise anticipate using expert testimony, but at this stage, TCG and Musto have not identified the particular areas in which such testimony will be necessary.

2. Limitations which the parties propose on the use or number of expert witnesses.

   The parties propose a limit of 3 experts per side.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) no later than 90 days before the date set for trial.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) 30 days after any witness designations pursuant to Section 9(d)(3) of this order.

e.    Identification of Persons to Be Deposed:

| Witness | By | Length |
|---|---|---|
| 30 (b)(6) Defendant Circle Group, LLC | Plaintiffs | 7 hours |
| 30 (b)(6) Defendant L.A.G. Drywall, Inc. | Plaintiffs | 7 hours |
| 30 (b)(6) Defendant Gulf Coast Construction, Inc. | Plaintiffs | 7 hours |
| 30 (b)(6) Defendant Javier Martinez Drywall, LLC | Plaintiffs | 7 hours |
| Defendant Jose Mendiola | Plaintiffs | 7 hours |
| Defendant Jesus Ornelas | Plaintiffs | 7 hours |
| Defendant Javier Martinez | Plaintiffs | 7 hours |
| Defendant Jeffrey Musto | Plaintiffs | 7 hours |
| Rhonda | Plaintiffs | 7 hours |

| Chre Houston | Plaintiffs | 7 hours |
| --- | --- | --- |
| Violeta Solis | Defendants | 7 hours |
| Cesar Salazar | Defendants | 7 hours |
| Edgar Ceballos | Defendants | 7 hours |
| Aaron Salas | Defendants | 7 hours |
| Hildeberto Aldeco Baltazar | Defendants | 7 hours |
| Juan Ramon Rodriguez | Defendants | 7 hours |
| Adriana Lira | Defendants | 7 hours |
| Nancy Gutierrez | Defendants | 7 hours |
| Beatriz Miramontes | Defendants | 7 hours |

LAG Drywall, Inc. reserves the right to depose any proposed/potential class members, any third party witnesses, including but not limited to fact witnesses, and expert witness(es) disclosed by Plaintiffs.

TCG and Musto reserve the right to depose any proposed/potential class members, any third party witnesses, including but not limited to fact witnesses, and expert witness(es) disclosed by Plaintiffs.

Plaintiffs will oppose any attempt by Defendants to depose some or all class members should such requests be geared toward deterring opt-in participation in the action or be unduly burdensome.

 f. Deadline for Interrogatories: April 6, 2017.

 g. Deadline for Requests for Production of Documents and/or Admissions: April 6, 2017.

## 10. DATES FOR FURTHER CONFERENCES

 a. Status conferences will be held in this case at the following dates and times:

_____

 b. A final pretrial conference will be held in this case on 9/26/17 at o'clock 1:30 pm. ~~A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.~~

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

The parties were unable to reach agreement on discovery limitations with regard to depositions. The parties' positions are included under each section herein.

b. Anticipated length of trial and whether trial is to the court or jury.

10-day jury trial.  10/23/17

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a) and Judge R. Brooke Jackson's Discovery Dispute procedure.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ___1st__ day of ___November___, 2016.

4845-1151-2378.1
25048464.1

15

BY THE COURT:

_____
Hon. R. Brooke Jackson
United States Judge

APPROVED:

s/ Mary Jo Lowrey
Mary Jo Lowrey
Sarah J. Parady
Lowrey Parady, LLC
1725 High Street, Suite 1
Denver, CO 80218
Telephone: (303) 593-2595
Fax: (303) 502-9119
sarah@lowrey-parady.com
maryjo@lowrey-parady.com
*Attorneys for Plaintiffs*

Alexander Hood
David Seligman
Towards Justice
1535 High Street, Suite 300
Denver, CO 80218
Telephone: (720) 248-8426
Fax: (303) 957-2289
Alex@towardsjustice.org
David@towardsjustice.org
*Attorneys for Plaintiffs*

Alice Conway Powers
Lewis Brisbois Bisgaard & Smith, LLP
1700 Lincoln, Suite 4000
Denver, CO 80203
Via Email: Alice.Powers@lewisbrisbois.com
*Attorney for The Circle Group, LLC and Jeffrey Musto*

Ellie Lockwood
James Kilroy
Snell & Wilmer, L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202

Via CM/ECF
*Attorneys for L.A.G. Drywall, Inc.*