IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 16-cv-01329-RBJ

VIOLETA SOLIS,
CESAR SALAZAR,
EDGAR CEBALLOS,
AARON SALAS,
HILDEBERTO ALDECO BALTAZAR,
JUAN RAMON RODRIGUEZ,
ADRIANA LIRA,
NANCY GUTIERREZ,
BEATRIZ MIRAMONTES, and those similarly situated,

Plaintiffs,

v.

THE CIRCLE GROUP, LLC,
L.A.G. DRYWALL, INC., a/k/a LA DRYWALL, INC.,
JAVIER MARTINEZ DRYWALL, LLC, and
GULF COAST CONSTRUCTION, INC.,

Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CIRCLE GROUP'S MOTION TO DISMISS AND GRANTING DEFENDANT LAG'S PARTIAL MOTION TO DISMISS**

---

This order addresses defendant The Circle Group, LLC's ("Circle Group") motion to dismiss and defendant L.A.G. Drywall, Inc.'s ("LAG") partial motion to dismiss. For the reasons given below, the Court grants in part and denies in part Circle Group's motion, and grants LAG's motion.

**BACKGROUND**

This case concerns the alleged underbelly of the construction boom in Denver and elsewhere across the country. Plaintiffs are several laborers who claim that the defendant subcontractor and sub-subcontractors have used illegal employment practices to exploit them.

After a few volleys of pleadings and motions from the two sides, we now have plaintiffs' fourth amended complaint. Plaintiffs raise claims for violation of (1) the Fair Labor Standards Act ("FLSA"), (2) the Equal Pay Act, (3) the Colorado Trust Fund Act ("CTFA"), (4) various states' minimum wage, overtime, and wage-payment laws, and (5) the Colorado Wage Claim Act ("CWCA"), as well as (6) quantum meruit under Tennessee law, (7) breach of contract under Tennessee law, (8) discrimination on the basis of various classes protected by Title VII of the Civil Rights Act, (9) discrimination on the basis of race, national origin, and ancestry in violation of Title VII, (10) discrimination in violation of 42 U.S.C. § 1981, and (11) retaliation in violation of the FLSA and CWCA. The complaint proceeds against all defendants on a "joint employer" theory, which seeks to hold liable the subcontractor and its subcontractors alike.

Circle Group has responded with a motion to dismiss the complaint outright, ECF No. 104, and LAG has filed a partial motion to dismiss the claim for unidentified states' wage laws, ECF No. 106. The motions have been fully briefed. *See* ECF Nos. 116, 117, 118, 120.

**STANDARD OF REVIEW**

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Court must accept the well-pleaded allegations of the complaint as true and

construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), purely conclusory allegations are not entitled to be presumed true, *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See Twombly*, 550 U.S. at 556.

## ANALYSIS

The attacks on plaintiffs' eleven claims can be grouped into three questions: first, whether plaintiffs have pleaded sufficient facts to support their theory that Circle Group is a joint employer for the purposes of federal labor laws; second, whether these allegations can sustain a joint employer theory under other federal and state laws; and third, setting aside the joint employer theory, whether plaintiffs have pleaded enough facts to support the remainder of their claims. The Court will consider each of these issues in turn.

As an initial matter, however, I note that my review of these questions will exclude all evidentiary material attached by Circle Group. "[W]hen parties submit materials outside of the pleadings in support of or in opposition to a Rule 12(b)(6) motion, a court has broad discretion whether to accept and consider them." *Dobson v. Anderson*, 319 F. App'x 698, 702 (10th Cir. 2008). It would be inappropriate to consider Circle Group's submissions here because plaintiffs do not concede the authenticity of these documents, do not attach these documents to their complaint, and do not even reference most of these documents in their complaint. Circle Group's arguments can be addressed without converting its motion to dismiss into a motion for summary judgment.

**A. <u>Joint Employment Under Federal Labor Laws</u>.**

It is settled law that multiple entities may be held liable as "joint employers" under the FLSA and Title VII. *See Falk v. Brennan*, 414 U.S. 190, 195 (1973) (FLSA); *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1226 (10th Cir. 2014) (Title VII).

The Tenth Circuit has not yet addressed the issue of joint employment under the FLSA, but many courts follow the Ninth Circuit's four-factor *Bonnette* test. This test considers "whether an alleged employer: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, or (4) maintained employment records." *Zachary v. Rescare Oklahoma, Inc.*, 471 F. Supp. 2d 1175, 1179 (N.D. Okla. 2006) (citing *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)). However, these factors are not exhaustive. Indeed, the Supreme Court has held that an entity can be a joint employer "even when it does not hire and fire its joint employees, directly dictate their hours, or pay them." *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 70 (2d Cir. 2003) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947)).

Similarly, multiple entities may be joint employers under Title VII if "they co-determine the essential terms and conditions of employment." *Bristol v. Bd. of Cnty. Comm'rs*, 312 F.3d 1213, 1218 (10th Cir. 2002). The most important factor is whether an alleged employer has the right to fire the employee. *Id.* at 1219. Additional relevant factors include: "the ability to 'promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; . . . day-to-day supervision of employees, including employee discipline; and . . . control of employee records, including payroll, insurance, taxes and the

like.'" *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1226 (10th Cir. 2014) (quoting *Butterbaugh v. Chertoff*, 479 F. Supp. 2d 485, 491 (W.D. Pa. 2007)).

Here, Circle Group argues that plaintiffs have failed to plead sufficient facts to show that the company was plaintiffs' employer under the FLSA or Title VII. I disagree. Plaintiffs' complaint alleges that Circle Group hired some of the plaintiffs, fired some of them, reserved the right to terminate them from the project, directed and supervised them, controlled their daily assignments, set their workplace policies, dictated their wages, distributed some of their paychecks, addressed their wage complaints, maintained their timesheets, and shifted some plaintiffs among Circle Group's subcontractors without changing their work. ECF No. 98 at ¶¶ 52–53, 61, 63–68, 71, 75, 80–85, 87, 89–91, 93–98, 109, 111, 114, 117–19, 124, 140, 145–46, 157–61, 165–75, 186, 197, 204–06. These allegations readily satisfy the pleading requirements for the FLSA's and Title VII's totality-of-the-circumstances tests for joint employment.

**B. Joint Employment Under Other Federal and State Laws.**

Circle Group also contends that plaintiffs' joint employment-like theories cannot hold it liable under 42 U.S.C. § 1981 or the CWCA. Some of these arguments have merit, but others do not.

First, § 1981 guarantees all persons equal rights "to make and enforce contracts." 42 U.S.C. § 1981(a). These rights include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b). "Any claim brought under § 1981, therefore, must initially identify an impaired 'contractual relationship' under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (citations omitted).

Plaintiffs' § 1981 claim asserts that Circle Group was plaintiffs' joint employer, but does not allege that the company had a contractual relationship with them. Absent such a relationship, however, plaintiffs cannot pursue a § 1981 claim against Circle Group for impairment of their rights under a nonexistent contract. Plaintiffs are mistaken in believing the Tenth Circuit's decision in *Perry v. Woodward* holds otherwise. The *Perry* court simply considered an at-will employment relationship without a written contract and concluded: "[Plaintiff's] relationship with her employer consisted of [plaintiff's] rendition of services in exchange for her employer's payment of wages. Under New Mexico law, this is a contractual relationship." 199 F.3d 1126, 1133 (10th Cir. 1999). By contrast, plaintiffs here identify no written or oral contract with Circle Group, and do not argue that a contractual relationship has been formed by operation of law. Plaintiffs are also mistaken in contending that "the joint employment test applicable to Title VII claims applies equally to Section 1981 claims." ECF No. 115 at 17. The cases plaintiffs cite for this proposition say no such thing. *See Banks v. St. Francis Health Ctr., Inc.*, No. 15-CV-2602-JAR, 2016 WL 1298056, at *4 (D. Kan. Mar. 31, 2016) (declining to dismiss a combined claim that defendant "violated Title VII and § 1981" based solely on a Title VII joint employment analysis without discussing the merits of the § 1981 claim); *Camara v. Sanchez*, No. 12-CV-03040-CMA-CBS, 2013 WL 9721026, at *4 (D. Colo. Sept. 23, 2013) (same).

Although plaintiffs have failed to state a claim for Circle Group's impairing its own contractual relationship with plaintiffs, their complaint can fairly be read to allege that Circle Group has interfered with the contractual relationship between plaintiffs and their immediate employers—LAG and Javier Martinez Drywall. *See* ECF No. 98 at ¶¶ 366–73. Section 1981's text does not limit liability to the parties to a contract. *See* 42 U.S.C. § 1981(c) ("The rights

protected by this section are protected against impairment by nongovernmental discrimination . . . .”). In light of this broad statutory language, a number of courts have held that a third party may be liable for impairing an employee’s contract rights with his employer. *See, e.g.*, *Sklyarsky v. Means-Knaus Partners, L.P.*, 777 F.3d 892, 896 (7th Cir. 2015); *Zaklama v. Mt. Sinai Med. Ctr.*, 842 F.2d 291, 295 (11th Cir. 1988); *Faraca v. Clements*, 506 F.2d 956, 959 (5th Cir. 1975); *Jerome v. Hertz Corp.*, 15 F. Supp. 3d 1225, 1232–33 (M.D. Fla. 2014); *Robledo v. Bond No. 9*, 965 F. Supp. 2d 470, 477 (S.D.N.Y. 2013). Plaintiffs’ § 1981 claim can thus proceed against Circle Group on a theory of third-party liability.

Next, the CWCA allows an employee “to sue his or her former employer for earned wages and other compensation the employer has refused to pay.” *Lester v. Career Bldg. Acad.*, 338 P.3d 1054, 1058 (Colo. App. 2014); *see also* Colo. Rev. Stat. § 8-4-109. Under the Act, “employer” is defined as “every person, firm, partnership, association, [or] corporation . . . employing any person in Colorado,” and “employee” means “any person . . . performing labor or services for the benefit of an employer in which the employer may command when, where, and how much labor or services shall be performed.” Colo. Rev. Stat. § 8-4-101(5)–(6).

At this stage in the litigation, it would be inappropriate to dismiss plaintiffs’ CWCA claim against Circle Group. The company appears to be correct that no Colorado court has applied a joint employment test to a CWCA claim, but this silence is not fatal; instead, this Court “must attempt to predict what the state’s highest court would do.” *Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003). On its face, the CWCA focuses on the real-world relationship between a worker and a firm, covering situations in which an employee works “for the benefit of an employer” so long as the employer has sufficient control over the employee.

And in *Pinkstaff v. Black & Decker (U.S.) Inc.*, the Colorado Supreme Court noted that the question of whether a defendant is a joint employer under the CWCA "is a question of fact," declining to address this question for the first time on appeal. 211 P.3d 698, 703 (Colo. 2009). This case overshadows the court's earlier decision in *Leonard v. McMorris*, which Circle Group cites for its view that the CWCA "focuses on the liability of the entity or person who *created and maintained* the employment relationship." 63 P.3d 323, 329 (Colo. 2003) (emphasis added); *see also Wankier*, 353 F.3d at 866 ("The federal court must defer to the most recent decisions of the state's highest court."). Additionally, at least one court has construed the CWCA to encompass joint employment. *See Evans v. Loveland Auto. Investments, Inc.*, No. 13-CV-2415-WJM-KMT, 2015 WL 161295, at *3–4 (D. Colo. Jan. 13, 2015). It thus appears likely that the Colorado Supreme Court would recognize a CWCA claim against a joint employer, so plaintiffs have stated a plausible claim for relief on that basis.

**C. <u>Other Claims</u>.**

Finally, Circle Group moves to dismiss plaintiffs' claims under the Equal Pay Act, the CTFA, the FLSA and CWCA's anti-retaliation provisions, and Tennessee and other states' common law. LAG separately moves to dismiss the unidentified states' common law claims as well.

The Equal Pay Act imposes a form of strict liability on employers who pay men more than women for performing the same work. *Mickelson v. N.Y. Life Ins. Co.*, 460 F.3d 1304, 1310 (10th Cir. 2006). To establish a prima facie case of discrimination under the Act, a plaintiff must show:

> (1) the plaintiff was performing work which was substantially equal to that of employees of the opposite sex, taking into consideration the skills, duties,

> supervision, effort and responsibilities of the jobs; (2) the conditions where the work was performed were basically the same; (3) employees of the opposite sex were paid more under such circumstances.

*Id.* at 1311 n.5.

Plaintiffs here have pleaded facts to satisfy each of these elements. *See* ECF No. 98 at ¶¶ 187–88, 190–92, 281–84. I take Circle Group's point that there may be some material differences between its male and female employees, but Circle Group may not rebut plaintiffs' factual allegations on a motion to dismiss. The Court's current review must accept plaintiffs' well-pleaded allegations as true and construe them in the light most favorable to plaintiffs, without considering the conflicting facts that Circle Group submits.

Second, the CTFA provides that "[a]ll funds disbursed to any contractor or subcontractor under any building, construction, or remodeling contract . . . shall be held in trust for the payment of the subcontractors . . . or laborers . . . who have a lien, or may have a lien, against the property." Colo. Rev. Stat. § 38-22-127(1). The CTFA then states that "[a]ny person" who violates this statutory requirement has committed theft. *Id.* § 38-22-127(5).

Circle Group argues that it had no obligation under the CTFA because its agreement with LAG expressly required LAG to hold funds in trust for their laborers. That is incorrect. This provision of the CTFA makes no distinction between contractors' and subcontractors' responsibilities. Any contractor or subcontractor that fails to ensure funds are held in trust for a project's laborers has violated the statute. Thus, Circle Group may not escape statutory liability by pointing to its subcontractor's contractual duties. If Circle Group is arguing that LAG indemnified Circle Group and breached their agreement, that is a different matter—but still not one that would warrant dismissal of plaintiffs' CTFA claim.

Third, the FLSA and CWCA create causes of action for employees who have been impermissibly retaliated against. The FLSA provides that it is unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the FLSA. 29 U.S.C. § 215(a)(3). The CWCA similarly provides that "[n]o employer shall intimidate, threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate against any employee who has filed any complaint or instituted or caused to be instituted any proceeding under" the CWCA. Colo. Rev. Stat. § 8-4-120.

Circle Group argues that plaintiffs' allegations are too conclusory and vague to state a claim here, and that plaintiffs impermissibly allege that they filed a formal complaint only after their employment ended. I disagree. Plaintiffs describe specific conversations about missing wages as well as retaliatory threats, violence, withholding of pay, and termination. *See* ECF No. 98 at ¶¶ 163–76. These allegations provide an adequate basis on which the Court may infer that Circle Group took adverse employment actions as punishment for plaintiffs' informal complaints. Additionally, the Tenth Circuit has read the FLSA broadly "so that even the 'unofficial assertion of rights through complaints at work' is protected." *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1394 (10th Cir. 1997) (quoting *Love v. RE/MAX of Am., Inc.*, 738 F.2d 383, 387 (10th Cir. 1984)). There are good reasons to interpret the CWCA similarly. *See Boeser v. Sharp*, No. CIVA03CV00031WDMMEH, 2006 WL 898126, at *5 (D. Colo. Mar. 31, 2006). As a result, Circle Group's arguments do not undermine plaintiffs' FLSA or CWCA retaliation claims.

Last, plaintiffs allege that defendants' failure to pay "hourly wages and overtime premiums required by law" breached an implied-in-fact contract or constituted unjust enrichment for a quantum meruit action under Tennessee law. But these common law claims impermissibly parrot plaintiffs' FLSA claims. "If a plaintiff's common law claims are merely duplicative of the remedies provided by the FLSA, the common law claims are preempted." *Mickle v. Wellman Prod. LLC*, No. 08-CV-0297-CVE-PJC, 2008 WL 3925266, at *3 (N.D. Okla. Aug. 20, 2008). Indeed, both the First and Fourth Circuits have held that "Congress prescribed exclusive remedies in the FLSA for violations of its mandates." *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007); *accord Roman v. Maietta Const., Inc.*, 147 F.3d 71, 76 (1st Cir. 1998). Here, plaintiff Ceballos and the purported Rule 23 Tennessee Class advance common law claims merely as another means to remedy alleged violations of the FLSA. Plaintiffs do not identify other wage laws applicable in Tennessee besides the FLSA, and do not allege injuries from breach of contract or unjust enrichment apart from their failure to receive the wages required by this law. Consequently, these claims are preempted by the FLSA.

Plaintiffs also attempt to bring a claim for "violation of state minimum wage, overtime, and wage-payment laws of the states where the Rule 23 class worked." ECF No. 98 at 40. This effort is premature at best. The complaint separately alleges violations of Colorado's laws (i.e., the CWCA) and Tennessee's laws, but does not identify which other laws might be at issue here. This catchall claim thus fails to provide the "short and plain statement of *the* claim" required by Rule 8 of the Federal Rules of Civil Procedure. As the Tenth Circuit has written, "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this*

plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177. Because plaintiffs have not put defendants on notice of "which state statutes and laws were allegedly violated," this claim must be dismissed. *Kuhl v. Guitar Ctr. Stores, Inc.*, No. 07 C 214, 2008 WL 656049, at *6 (N.D. Ill. Mar. 5, 2008).

**ORDER**

1. Defendant The Circle Group, LLC's Motion to Dismiss Plaintiffs' Fourth Amended Complaint [ECF No. 104] is GRANTED IN PART and DENIED IN PART. Plaintiffs' state common law claims (Counts IV, VI, and VII) are dismissed without prejudice.

2. Defendant LAG Drywall, Inc.'s Partial Motion to Dismiss Fourth Amended Complaint [ECF No. 106] is GRANTED. Plaintiffs' unidentified state common law claims (Count IV) are dismissed without prejudice.

DATED this 5th day of April, 2017.

BY THE COURT:

R. Brooke Jackson
United States District Judge