## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 1:16-cv-01329-RBJ

VIOLETA SOLIS,
CESAR SALAZAR,
EDGAR CEBALLOS,
AARON SALAS,
HILDEBERTO ALDECO BALTAZAR,
JUAN RAMON RODRIGUEZ,
ADRIANA LIRA,
NANCY GUTIERREZ,
BEATRIZ MIRAMONTES,
and those similarly situated;

      Plaintiffs,

v.

THE CIRCLE GROUP, LLC,
JAVIER MARTINEZ DRYWALL, LLC, AND
GULF COAST CONSTRUCTION, INC.,

      Defendants.

---

### FINAL CLASS ACTION SETTLEMENT AGREEMENT

---

This **SETTLEMENT AGREEMENT** is entered into by and among Violeta Solis, Cesar Salazar, Edgar Ceballos, Aaron Salas, Hildeberto Aldeco Baltazar, Juan Ramon Rodriguez, Adriana Lira, Nancy Gutierrez, and Beatriz Miramontes ("Plaintiffs" or "Named Plaintiffs") and The Circle Group, LLC ("Circle Group" or "Defendant") (together, "the Parties").

**WHEREAS**, Plaintiffs have, on behalf of themselves and all others similarly situated, asserted claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Colorado Wage Act ("CWA"), C.R.S. §§ 8-4-101, *et seq.* based on allegations that Circle Group employed them but denied them overtime premiums required by law and did not pay them "straight time" wages for some hours worked;

**WHEREAS**, among other defenses, Defendant alleged that it was not an "employer" under the FLSA;

**WHEREAS**, Plaintiffs have also asserted various other claims, including claims under Title VII, 42 U.S.C. §§ 2000e, *et seq.*, based on allegations that Circle Group discriminated against them based on protected characteristics, including by creating a hostile work environment;

**WHEREAS**, asserting numerous defenses, Defendant denied all allegations made by Plaintiffs;

**WHEREAS**, Plaintiffs maintain that they would ultimately prevail on all issues in this action but have reached what their counsel believes is a fair and reasonable settlement with Circle Group, taking into account the relative risks of proceeding to trial on these claims;

**WHEREAS,** Plaintiffs and their counsel have fully analyzed and evaluated their class action claims, Defendant's defenses, and this Settlement as it affects absent class members;

**WHEREAS**, Circle Group maintains that it would ultimately prevail on all issues in this action but has reached what its counsel believes is a fair and reasonable settlement that will allow it to avoid prolonged and expensive litigation;

**WHEREAS**, the Parties mediated this case on June 30, 2017 with the aid of Hon. Boyd N. Boland of the Judicial Arbiter Group and all Parties, expressly including the Named Plaintiffs, are satisfied that the terms of the settlement are fair, reasonable, adequate, and equitable for all; and

**WHEREAS**, the Parties desire to resolve amicably, completely, and forever all disputes between them regarding drywall and other construction-related labor performed on the

SkyHouse Denver construction site without additional delay and without the expense occasioned by litigation;

**NOW THEREFORE, IT IS STIPULATED AND AGREED** by and among the Parties to this Settlement Agreement that this controversy shall be settled and compromised, and upon the Court's preliminary approval of the terms and conditions set forth below, the Parties agree to fully execute this agreement, as set forth below:

## I.   DEFINITIONS

The following definitions shall apply to the remainder of this agreement.

"Named Plaintiffs" are Violeta Solis, Cesar Salazar, Edgar Ceballos, Aaron Salas, Hildeberto Aldeco Baltazar, Juan Ramon Rodriguez, Adriana Lira, Nancy Gutierrez, and Beatriz Miramontes.

"Class Members" are all members of the Rule 23 Class, defined below, who are not Named Plaintiffs.

"Settlement Administrator" is that person or entity selected by the Parties' counsel and approved by the Court to serve as the administrator for the settlement of the action who will serve as the joint agent of Plaintiffs and Defendant. The Parties have selected Optime Administration, LLC as the Settlement Administrator, subject to approval of the Court.

"Settlement Administration Costs" are the costs of administering the settlement, including the costs of transmitting opt-out and claim forms and the fees owed to the Settlement Administrator.

"Plaintiffs' Counsel" are Alexander Hood and David Seligman of Towards Justice, 1535 High St., Denver, CO., 80218, and Mary Jo Lowrey and Sarah Parady, Lowrey Parady, LLC, 1725 N. High St. #1, Denver CO., 80218.

"Defendants' Counsel" are Alice Conway Powers and Rolf J. von Merveldt III of Lewis,

Brisbois, Bisgaard & Smith LLP, 1700 Lincoln Street, Suite 4000, Denver, Colorado 80203.

"Final Approval Order" shall mean the order of the District Court that gives final

approval to this Agreement.

"Effective Date" is the date designated in ¶ 11.

## II.   CLASS CERTIFICATION

1.  For the purposes of settlement, Defendant agrees to class certification under Rule

    23(b)(3) with respect to Plaintiffs' claims under the CWCA in the Fourth Amended

    Complaint (Count V). The Rule 23 and FLSA Sec. 216(b) Class is defined as:

    ALL EMPLOYEES OF CIRCLE GROUP OR ANY PERSON OR
    INDIVIDUAL CONTRACTOR WHO PERFORMED DRYWALL LABOR OR
    OTHER CONSTRUCTION-RELATED LABOR UNDER CIRCLE GROUP ON
    THE SKYHOUSE DENVER PROJECT BETWEEN SEPTEMBER 2015 AND
    JULY 2016.

    This shall be the applicable definition for "Class Members" for purposes of this

    Agreement and for the settlement of the Lawsuit and all of its claims and causes of action

    against Defendant.

## III.   SETTLEMENT PAYMENT

2.  In full settlement of Plaintiffs' claims, including Named Plaintiffs and all claims asserted

    by the Rule 23 Class Members and the FLSA Collective Action Class, without admitting

    any liability, Defendant shall pay an "all-inclusive," non-reversionary settlement payment

    of Seven Hundred Thousand Dollars ($700,000.00) as payment of all sums due under the

    settlement (the "Settlement Payment").

3.  All payments pursuant to this settlement to the Named Plaintiffs and Class Members who

    do not opt out of the settlement shall be in full and final resolution of all claims and

causes of action alleged in the Lawsuit against Defendant; all attorney's fees and litigation costs and expenses; any service awards awarded by the Court to the Named Plaintiffs. The costs of administering the settlement shall be made out of the Settlement Payment. Apart from the Settlement Payment, Defendant shall pay the employer's share of FICA and FUTA taxes, and other applicable employer tax contributions and/or wage payments to taxing entities associated with wage payments to Plaintiffs, and the costs of mediating the settlement imposed by the Judicial Arbiter Group, which shall be borne by Defendant.

## IV.    MUTUAL RELEASE

4.  The Named Plaintiffs and each of their respective agents, attorneys, employees, successors, heirs, spouses, administrators, executors, partners, assigns, and each of their past, present, and future representatives hereby release and forever discharge Defendant, including its past, present, and future parents, agents, representatives, shareholders, principals, attorneys, affiliates, parent corporations, subsidiaries, officers and directors in both their corporate and individual (personal) capacities, predecessors and successors and heirs, executors, and assigns of each of the foregoing of and from all claims, known or unknown, suspected or unsuspected, relating to the alleged work performed by Named Plaintiffs at the SkyHouse Denver construction project and all causes of action alleged by all Named Plaintiffs against Defendant. This release will be and will remain a full and general release of the subject matter of the Released Claims.

5.  The Class Members who do not timely opt out of the settlement and each of their respective agents, attorneys, employees, successors, heirs, spouses, administrators, executors, partners, assigns, and each of their past, present, and future representatives

hereby release and forever discharge Defendant, including its past, present, and future parents, agents, representatives, shareholders, principals, attorneys, affiliates, parent corporations, subsidiaries, officers and directors in both their corporate and individual (personal) capacities, predecessors and successors and heirs, executors, and assigns of each of the foregoing of and from all claims relating to all allegations, claims, and causes of action alleged by Class Members against Defendant in the lawsuit, including all claims related to the payment of wages for the alleged labor performed by Class Members on the SkyHouse Denver project, specifically including, but not limited to, claims under the CWCA.

6. The Class Members who do not timely opt-out of the settlement <u>and</u> file opt-in/claims forms with the Class Administrator to receive distributions from the Net Settlement Fund, also release any and all claims they have alleged or could have alleged under the FLSA, including but not limited to claims for any damages or penalties available under the FLSA.

7. Defendant and each of its respective agents, attorneys, employees, successors, heirs, spouses, administrators, executors, partners, assigns, and each of its past, present, and future representatives hereby release and forever discharge Named Plaintiffs and all Class Members excluding those who timely opt out of the Rule 23 Class settlement, including their past, present, and future parents, agents, representatives, shareholders, principals, attorneys, affiliates, parent corporations, subsidiaries, of and from all claims relating to work allegedly performed by the Named Plaintiffs and the Class Members that do not timely opt out at the SkyHouse Denver construction project. This release will be and will remain a full and general release of the subject matter of the Released Claims.

## V.    ALLOCATION AND DISTRIBUTION OF SETTLEMENT FUND

8. **Allocation:** Subject to court authorization, the total settlement amount shall be

   distributed as follows:

| | |
|---|---|
| $50,400.00 | Named Plaintiffs for Non-Wage-and-Hour Claims |
| $9,000.00 | Proposed Service Award |
| $640,000.00 | Putative Wage and Hour Class |
| **$700,000.00** | **TOTAL** |

   a. **Named Plaintiff Settlements:** In total, the Named Plaintiffs will receive

   $50,400.00 of the Settlement Payment as individual settlements to resolve all non-

   wage-and-hour claims and causes of action as alleged in the lawsuit, specifically

   including causes of action 2, 3, 8, 9, 10, and 11 as alleged in the Fourth Amended

   Complaint. The Named Plaintiffs shall receive from the Settlement Fund

   individual settlements to resolve all their individual claims and allegations alleged

   in this Lawsuit against Defendant, including claims under Title VII, of $5,600

   each. Plaintiffs' Counsel shall be paid 25 percent (25%), or $1,400 per Named

   Plaintiff, of those amounts pursuant to their fee agreements with Named

   Plaintiffs, payable to Towards Justice. Towards Justice and the Named Plaintiffs

   shall receive IRS 1099 Forms for such payments.

   b. **Service Awards**: $9,000.00 of the Settlement Fund shall be earmarked for

   payment to the Named Plaintiff for a "Service Award," subject to court approval.

   Prior to the Final Fairness and Approval Hearing, Plaintiffs will seek approval

   from the Court for $1,000 service awards for each Named Plaintiff from the Class

   Settlement Payment in recognition of his or her service to the class in pursuing

   this settlement. Each Named Plaintiff shall be paid any amount approved by the

   Court as a service award. The Service Award to the Named Plaintiffs shall not be

deducted in any manner for the payment of attorney's fees. Named Plaintiffs shall be issued an IRS Form 1099 for these amounts. Any amount of the earmarked $9,000.00 not approved by the Court for the Service Award shall revert back to the settlement fund available for distribution to the Class Members.

c. **Class Members:** Subject to the Court's approval in a Final Fairness and Approval Hearing, the remaining $640,600[1] of the Settlement Payment is a payment made by Defendant to the Class Members in full and final settlement of all claims, causes of action, and allegations raised on behalf of the Class Members in the Lawsuit ("Class Settlement Payment"). The Class Settlement Payment shall also be used to satisfy certain costs and expenses, as detailed in this Agreement.

d. **Attorney's Fees and Costs:** Prior to the Final Fairness and Approval Hearing, Plaintiffs' counsel will apply to the Court for an amount not to exceed 30 percent (30%) of the Class Settlement Payment to be paid from the Class Member Settlement Payment for good cause shown according to applicable law. In addition to those amounts, Plaintiffs' counsel will also ask the Court to order reimbursement of their reasonable out-of-pocket expenses. Plaintiffs' counsel will be paid any fees and costs approved by the Court. Plaintiffs' counsel will be issued an IRS Form 1099 for these amounts. The Parties believe that the total attorney's fees award paid from the Class Member Settlement Payment will not exceed $195,000.00.

e. **Settlement Administration Costs**: The Settlement Administrator shall maintain records for the Settlement Administration Costs associated with administering this

---

[1] The Parties agree that this amount may increase by a maximum of $9,000.00 to a total of $649,600, depending on the Court's ruling on the proposed Service Award.

settlement and shall be payable out of the Class Member Settlement Payment. The

Parties received a quote from the Class Administrator and the Parties do not

believe the cost of administration will exceed $20,000.00.

9. **NET SETTLEMENT FUND DISTRIBUTION**: For the amount remaining in the Class

Settlement Payment after deduction of the amounts identified in paragraph 8 above,

which the Parties anticipate will be equal to or exceed $400,000.00, the Parties will seek

Court approval for the following plan to distribute the Net Settlement Fund.

   a.   Each Named Plaintiff and Class Member will be entitled to a proportional

        distribution of one-half (1/2) the Net Settlement Fund, based on the ratio of the

        number of weeks worked by that Named Plaintiff or Class Member to the total

        aggregate number of weeks worked for all Class Members, as "Lost Wages

        Damages." Based on review of the records presented in this dispute, the Parties

        agree that the "Lost Wages Damages" are roughly estimated at $100.00 per

        individual per week worked.

   b.   The parties agree that the Class Administrator shall have discretion to calculate

        weeks worked by each class member based on records available to Plaintiffs.

        Where relevant, the Notice provided to the Class Members shall contain the Class

        Administrator's calculation of the weeks worked by that individual Class

        Member. Any Named Plaintiff or Class Member who disagrees with the Class

        Administrator's calculation may challenge the number of weeks worked by

        providing the Class Administrator clear documentary evidence of the number of

        weeks worked by the individual for Defendant between September 2015 and July

        2016 during the opt-out period, and the Class Administrator, in its sole and

binding discretion, shall resolve any such challenge within seven (7) days after the completion of the opt-out period.

c. An amount equal to "Lost Wages Damages" shall be considered statutory penalties potentially available under the CWA and shall be called "Statutory Penalties." Class members who opt into the settlement waive and release any claims for additional penalties or damages under the FLSA, as stated in ¶ 6 above.

d. The Class Administrator shall subtract from Lost Wages Damages the amounts obtained by each Named Plaintiff or Class Member from L.A.G. Drywall, Inc. as compensation for unpaid wages to settle claims asserted in this action. This amount shall equal "Adjusted Lost Wages Damages."

e. Adjusted Lost Wages Damages shall be paid to each Named Plaintiff and each Class Member who has not timely opted out of the action and who has submitted an opt-in/claims form to the Administrator. Each Named Plaintiff and Class Member shall be issued an IRS Form W-2 for these amounts.

f. Statutory Penalties shall be distributed to each Named Plaintiff and Class Member who has not timely opted out of the action and who has submitted an opt-in/claims form to the Administrator. Each Named Plaintiff and Class Member shall be issued an IRS Form 1099 for these amounts.

## VI.   NOTICE PERIOD AND OPT-OUTS

10. The Agreement shall be conditioned upon:

a. The entry of a Final Approval Order by the Court that gives final Court approval of this Agreement, including, without limitation, the dismissal with prejudice of

    any claims by Plaintiffs as to all claims that were pleaded or that could have been pleaded in this action, including all class claims.

    b.  The legal finality of the Final Approval Order of this Agreement by virtue of the Final Approval Order and no objections or upon entry of the Final Approval Order and its affirmance on appeal, if any.

11. The Effective Date of the Agreement will be the later of (a) the date of final approval, or (b) if there are objections and an appeal of the Court's decision granting approval, the day after all appeals are finally resolved in favor of final approval. Upon the Effective Date, Plaintiffs' Action shall be dismissed with prejudice, without costs, and with all appeals waived, and the Release shall be effective.

12. Within ten (10) days of the Preliminary Approval of the Settlement, the Settlement Administrator shall transmit notice in English and Spanish ("Class Notice") of this settlement to all Class Members via first-class mail and text message of all Class Members whose names are known based on information provided by Plaintiffs.

13. If new Class Members or new contact information for Class Members become known to the Class Administrator during the administration of this settlement but after the initial transmission of Notice, the Class Administration should transmit, insofar as it is relevant, Class Notice, an opt-out form, an opt-in/claims form to that new Class Member or to the new contact information.

14. The form of the Class Notice shall be approved by the Court and shall contain either on its own or along with the forms transmitted with it (a) a description of the action; (b) a description of the consequences of opting out and the method of opting out; (c) the date, time, and place of the Final Approval Hearing and a description of the right to object to

the settlement; (d) a statement that the settlement may have tax consequences and that

Class Members should consult a tax lawyer about the tax consequences of the settlement;

(e) a statement that the Parties approve of the settlement and that Circle Group will not

retaliate against any Plaintiffs participating in the settlement including by contacting

immigration authorities; (f) a statement regarding how Class Members can promptly

obtain distributions of the Net Settlement Fund; (g) where relevant, how many weeks the

Class Member worked based on evidence available to Plaintiffs and an estimate of the

distribution to which the Class Member would be entitled; and (h) where relevant, the

instruction that the Class Member may challenge the number of weeks worked with clear

documentary evidence submitted to the Class Administrator during the opt-out period,

and that the Class Administrator, in its sole and binding discretion, shall resolve any such

challenge within seven (7) days after the completion of the opt-out period.

15. Along with the Class Notice, the Settlement Administrator shall also transmit to class

    members opt-out forms and opt-in/claim forms in a form approved by the Court that class

    members can return to the Settlement Administrator by email, fax, U.S. Mail, or when

    transmitted to Class Members via text message, through an electronic signature program

    like Docusign. .

16. A Spanish version of the Class Notice—removing all parts of the Notice that are specific

    to individual class members—shall also be placed for one week (or one publication) in an

    ad in the legal notices section of El Semanario.

17. If the mailed Class Notice is returned as undeliverable and the Class Administrator is

    unable to transmit the Class Notice via text message, the Class Administrator shall update

    the Rule 23 Class Member's address once via the USPS National Change of Address List

and, if necessary, shall re-mail the Class Notice to such person. No further address checking or re-mailing shall be required or performed to transmit Class Notice.

18. The transmission of Class Notice shall commence a 60-day Opt-Out Period.

19. A Class Member who submits an opt-out request may not object to the settlement. Any other Class Member may object to the settlement in the manner described in the Class Notice. Any Plaintiff or Class Member who fails to file a timely written objection shall be foreclosed from objecting to the settlement. A Class Member who wishes to object must file and serve any objections on Plaintiffs' counsel and Defendant's counsel so they are received by each no later than forty (40) days after the transmission of class notice. An objection filed outside of this time will not be considered by the Court.

20. The Parties shall petition the United States District Court for the District of Colorado for preliminary approval of the settlement and for Class Notice. The Parties will also submit this stipulation and a Proposed Final Approval Order.

21. The Parties shall petition the Court to hold a Final Fairness and Approval Hearing and will thereafter enter a Proposed Final Approval Order. At the Hearing, the Court will review any objections to the settlement. The Parties have the right to submit evidence regarding such objections.

## VII.   PROCEDURE FOR SETTLEMENT PAYMENT

22. Within thirty (30) days  after a signed version of this agreement is filed with the Court, Defendant shall cause to be deposited into an interest-bearing escrow account maintained by the Settlement Administrator the total Settlement Payment.

23. Within thirty (30) days after a signed version of this agreement is filed with the Court or within two (2) days of preliminary approval, whichever comes first, Plaintiffs' counsel

shall transmit to the Class Administrator a list of class members and all evidence in Plaintiffs' counsel's possession regarding the number of weeks worked by all Class Members.

24. Within ten (10) days of entry of the Final Approval Order, the Settlement Administrator shall determine the estimated Settlement Administration Costs, the attorney's fees, litigation costs, and expenses awarded by the Court, the service awards to the Named Plaintiffs, if any, ordered by the Court, and the individual settlement amounts for the Named Plaintiffs for their non-wage claims, including attorney's fees.

25. Within ten (10) days of the end of the Opt-Out Period, the Settlement Administrator shall make calculations of payments to Class Members who have not opted out of the settlement and Named Plaintiffs by applying the formula described herein to the Net Settlement Fund, adjusting such amounts for withholding for the Class Members' and Named Plaintiffs' share of payroll taxes, and report said calculations to the Parties in a consolidated report.

26. In making the disclosure described under ¶ 25, the Settlement Administrator shall also determine in its binding and sole discretion, based on the Settlement Administrator's review of provided documentary evidence that an individual meets the class definition, whether anyone making claims on the Net Settlement Fund not included on the list of Class Members provided by Plaintiffs' counsel is a Class Member entitled to distributions from the Net Settlement Fund.

27. Within thirty (30) days of the Effective Date, the Settlement Administrator shall distribute from the Settlement Fund the Settlement Administration Costs, Plaintiffs' counsel's total attorney's fees, costs, and expenses as approved by the Court, any service

award payments to Named Plaintiffs, the individual settlement amounts to Named
Plaintiffs subtracting the applicable attorney's fees stated herein and approved by the
Court for the individual settlement amounts, which shall be included in the Plaintiffs'
counsel's total attorney's fees, and all subject payments to Named Plaintiffs from the Net
Settlement Fund.

28. A Claims Period shall begin immediately following the Effective Date and continue for
ninety (90) days following the Effective Date. During the Claims Period, the Class
Administrator shall use its best efforts to distribute to all Class Members who have not
opted out of the class their share of the Net Settlement Fund. These efforts shall include
obtaining tax information necessary to perform the necessary withholdings from
distributions and helping Class Members who seek distributions to submit opt-in/claims
forms.

29. The Class Administrator shall obtain completed opt-in/claims forms from all Class
Members obtaining distributions from the Net Settlement Fund. These forms, as
approved by the Court, shall be transmitted to Class Members via text message or U.S.
Mail as part of the notice,  and shall be transmitted via text message within fifteen (15)
days of the effective date with the option to return the form via an electronic signature
program like Docusign.

30. The Class Administrator shall consider as timely any opt-in/claims forms that it receives
before the commencement of the Claims Period until the end of the Claims Period.

31. To effectively distribute such funds to as many Class Members as possible, the Class
Administrator shall use text messages, social media, and other means of communication
that the Class Administrator deems appropriate, and shall rely on any third parties that the

Class Administrator reasonably believes will be effective in distributing funds. Such efforts shall include, but not be limited to:

a. A text message or phone call to each Class Member who has not obtained his funds within fifteen (15) days of the Effective Date notifying him or her of his or her right to the distribution and the amount of the distribution and linking to an opt-in/claim form.

b. Another text message or phone call to each Class Member who has not received his funds within forty-five (45) days of the Effective Date notifying him or her of his or her right to the distribution and the amount of the distribution.

c. Another text message or phone call to each Class Member who has not obtained his funds within eighty (80) days of the Effective Date notifying him or her of his or her right to the distribution and the amount of the distribution.

32. The Net Settlement Fund shall be distributed to Class Members in the following distributions.

a. **First Distribution:** Thirty (30) days into the Claims Period the Class Administrator shall distribute to every Class Member whom the Settlement Administrator is able to identify a distribution of the full amounts owed to that Class Member from the Net Settlement Fund.

b. **Second Distribution:** Ninety (90) days into the Claims Period, the Class Administrator shall distribute to every Class Member whom the Settlement Administrator is able to identify after the first distribution a distribution of the full amounts owed to that Class Member from the Net Settlement Fund.

c. **Third Distribution:** Ninety-one (91) days after the Effective Date, the Class Administrator shall distribute to all Class Members who received either the First or Second Distribution a pro rata distribution of the amount of the remaining funds in a manner that brings the Net Settlement Fund to a zero balance.

33. Between ninety-one (91) and one hundred and twenty (120) days following the Effective Date, the Settlement Administrator shall provide to the Parties and file with the Court a final accounting and certificate of completion of the administration of the settlement.

34. In the event that the absence of a signed order by the Court on a point that requires an order of the Court delays performance of any of the above settlement administration or payment obligations by the date specified in the above schedule, then (a) upon receipt of such Court order(s), such obligation shall be performed within the same number of days following the receipt of such Court order(s) as the time interval that existed in the original schedule between the immediately preceding settlement administration or payment obligation and the next settlement administration or payment obligation to be performed, and (b) the dates for the ensuing steps of settlement administration or payment obligations in the above schedule shall be adjusted accordingly based upon the new date for performing the next step of settlement administration or payment obligation, maintaining the same intervals between steps as in the original schedule.

## VIII.   MISCELLANEOUS PROVISIONS

35. **No Interference with Class Members**: Defendant and Defendant's Counsel agree that they will not solicit or advise potential class members to request exclusion from the class and will not represent, or arrange representation for, any potential class member in requesting exclusion from the potential class and/or filing a separate action.

36. **Entire Agreement**: It is understood and agreed by the Parties that this Settlement Agreement contains the entire understanding between them. No oral understandings, statements, promises or inducements contrary to the terms of this Settlement Agreement exist. The Settlement Agreement cannot be changed or terminated except by the written amendment to this Settlement Agreement signed by counsel for the Parties.

Defendants The Circle Group

Date: 11/9/17

By:  Mike Dominici

DocuSign Envelope ID: DB29B880-0C08-416E-8A78-F49273244B70

By signing below, I acknowledge that I have reviewed and accept the terms of the "Final Class Action Settlement Agreement" between VIOLETA SOLIS, CESAR SALAZAR, EDGAR CEBALLOS, AARON SALAS, HILDEBERTO ALDECO BALTAZAR, JUAN RAMON RODRIGUEZ, ADRIANA LIRA, NANCY GUTIERREZ, BEATRIZ MIRAMONTES and THE CIRCLE GROUP, LLC.

Al firmar aqui, reconozco que he revisado y acepto los términos del "Acuerdo de Conciliación Final de la Demanda Colectiva" entre VIOLETA SOLIS, CESAR SALAZAR, EDGAR CEBALLOS, AARON SALAS, HILDEBERTO ALDECO BALTAZAR, JUAN RAMON RODRIGUEZ, ADRIANA LIRA, NANCY GUTIERREZ, BEATRIZ MIRAMONTES y THE CIRCLE GROUP, LLC.

By/Por: _____

Cesar Salazar

Date/Fecha: __11/1/2017__

DocuSign Envelope ID: 3A4F3CF8-D908-4E1C-AE12-789179E720C7

By signing below, I acknowledge that I have reviewed and accept the terms of the "Final Class Action Settlement Agreement" between VIOLETA SOLIS, CESAR SALAZAR, EDGAR CEBALLOS, AARON SALAS, HILDEBERTO ALDECO BALTAZAR, JUAN RAMON RODRIGUEZ, ADRIANA LIRA, NANCY GUTIERREZ, BEATRIZ MIRAMONTES and THE CIRCLE GROUP, LLC.

Al firmar aqui, reconozco que he revisado y acepto los términos del "Acuerdo de Conciliación Final de la Demanda Colectiva" entre VIOLETA SOLIS, CESAR SALAZAR, EDGAR CEBALLOS, AARON SALAS, HILDEBERTO ALDECO BALTAZAR, JUAN RAMON RODRIGUEZ, ADRIANA LIRA, NANCY GUTIERREZ, BEATRIZ MIRAMONTES y THE CIRCLE GROUP, LLC.

By/Por:

Beatriz Miramontes

Date/Fecha: 27/10/2017

DocuSign Envelope ID: 5BE8DF2B-C45D-4AF7-A3D6-30029031901B

By signing below, I acknowledge that I have reviewed and accept the terms of the "Final Class Action Settlement Agreement" between VIOLETA SOLIS, CESAR SALAZAR, EDGAR CEBALLOS, AARON SALAS, HILDEBERTO ALDECO BALTAZAR, JUAN RAMON RODRIGUEZ, ADRIANA LIRA, NANCY GUTIERREZ, BEATRIZ MIRAMONTES and THE CIRCLE GROUP, LLC.

Al firmar aqui, reconozco que he revisado y acepto los términos del "Acuerdo de Conciliación Final de la Demanda Colectiva" entre VIOLETA SOLIS, CESAR SALAZAR, EDGAR CEBALLOS, AARON SALAS, HILDEBERTO ALDECO BALTAZAR, JUAN RAMON RODRIGUEZ, ADRIANA LIRA, NANCY GUTIERREZ, BEATRIZ MIRAMONTES y THE CIRCLE GROUP, LLC.

By/Por:

Juan Ramon Rodriguez

Date/Fecha: 27/10/2017 _____

DocuSign Envelope ID: C453E00B-2A64-4504-B0B8-E9D5822F2A52

By signing below, I acknowledge that I have reviewed and accept the terms of the "Final Class Action Settlement Agreement" between VIOLETA SOLIS, CESAR SALAZAR, EDGAR CEBALLOS, AARON SALAS, HILDEBERTO ALDECO BALTAZAR, JUAN RAMON RODRIGUEZ, ADRIANA LIRA, NANCY GUTIERREZ, BEATRIZ MIRAMONTES and THE CIRCLE GROUP, LLC.

Al firmar aqui, reconozco que he revisado y acepto los términos del "Acuerdo de Conciliación Final de la Demanda Colectiva" entre VIOLETA SOLIS, CESAR SALAZAR, EDGAR CEBALLOS, AARON SALAS, HILDEBERTO ALDECO BALTAZAR, JUAN RAMON RODRIGUEZ, ADRIANA LIRA, NANCY GUTIERREZ, BEATRIZ MIRAMONTES y THE CIRCLE GROUP, LLC.

By/Por: _____

Aaron Salas

Date/Fecha: 28/10/2017 _____

DocuSign Envelope ID: B238B772-15E3-4ABF-932E-D3D3E0A984F1

By signing below, I acknowledge that I have reviewed and accept the terms of the "Final Class Action Settlement Agreement" between VIOLETA SOLIS, CESAR SALAZAR, EDGAR CEBALLOS, AARON SALAS, HILDEBERTO ALDECO BALTAZAR, JUAN RAMON RODRIGUEZ, ADRIANA LIRA, NANCY GUTIERREZ, BEATRIZ MIRAMONTES and THE CIRCLE GROUP, LLC.

Al firmar aqui, reconozco que he revisado y acepto los términos del "Acuerdo de Conciliación Final de la Demanda Colectiva" entre VIOLETA SOLIS, CESAR SALAZAR, EDGAR CEBALLOS, AARON SALAS, HILDEBERTO ALDECO BALTAZAR, JUAN RAMON RODRIGUEZ, ADRIANA LIRA, NANCY GUTIERREZ, BEATRIZ MIRAMONTES y THE CIRCLE GROUP, LLC.

By/Por:

Edgar Ceballos

Date/Fecha: 10/28/2017

DocuSign Envelope ID: 9CC68C4D-4E40-4393-8377-16F79C4B670E

By signing below, I acknowledge that I have reviewed and accept the terms of the "Final Class Action Settlement Agreement" between VIOLETA SOLIS, CESAR SALAZAR, EDGAR CEBALLOS, AARON SALAS, HILDEBERTO ALDECO BALTAZAR, JUAN RAMON RODRIGUEZ, ADRIANA LIRA, NANCY GUTIERREZ, BEATRIZ MIRAMONTES and THE CIRCLE GROUP, LLC.

Al firmar aqui, reconozco que he revisado y acepto los términos del "Acuerdo de Conciliación Final de la Demanda Colectiva" entre VIOLETA SOLIS, CESAR SALAZAR, EDGAR CEBALLOS, AARON SALAS, HILDEBERTO ALDECO BALTAZAR, JUAN RAMON RODRIGUEZ, ADRIANA LIRA, NANCY GUTIERREZ, BEATRIZ MIRAMONTES y THE CIRCLE GROUP, LLC.

By/Por: _____

Nancy Gutierrez

Date/Fecha: ___10/28/2017___

DocuSign Envelope ID: 94DE712C-69D3-4B5D-BBA3-0C0DADF60B5F

By signing below, I acknowledge that I have reviewed and accept the terms of the "Final Class Action Settlement Agreement" between VIOLETA SOLIS, CESAR SALAZAR, EDGAR CEBALLOS, AARON SALAS, HILDEBERTO ALDECO BALTAZAR, JUAN RAMON RODRIGUEZ, ADRIANA LIRA, NANCY GUTIERREZ, BEATRIZ MIRAMONTES and THE CIRCLE GROUP, LLC.

Al firmar aqui, reconozco que he revisado y acepto los términos del "Acuerdo de Conciliación Final de la Demanda Colectiva" entre VIOLETA SOLIS, CESAR SALAZAR, EDGAR CEBALLOS, AARON SALAS, HILDEBERTO ALDECO BALTAZAR, JUAN RAMON RODRIGUEZ, ADRIANA LIRA, NANCY GUTIERREZ, BEATRIZ MIRAMONTES y THE CIRCLE GROUP, LLC.

By/Por:

Adriana Lira

Date/Fecha: 30/10/2017

DocuSign Envelope ID: 444E0FE7-47CC-4572-953D-5C8EECB123E9

By signing below, I acknowledge that I have reviewed and accept the terms of the "Final Class Action Settlement Agreement" between VIOLETA SOLIS, CESAR SALAZAR, EDGAR CEBALLOS, AARON SALAS, HILDEBERTO ALDECO BALTAZAR, JUAN RAMON RODRIGUEZ, ADRIANA LIRA, NANCY GUTIERREZ, BEATRIZ MIRAMONTES and THE CIRCLE GROUP, LLC.

Al firmar aqui, reconozco que he revisado y acepto los términos del "Acuerdo de Conciliación Final de la Demanda Colectiva" entre VIOLETA SOLIS, CESAR SALAZAR, EDGAR CEBALLOS, AARON SALAS, HILDEBERTO ALDECO BALTAZAR, JUAN RAMON RODRIGUEZ, ADRIANA LIRA, NANCY GUTIERREZ, BEATRIZ MIRAMONTES y THE CIRCLE GROUP, LLC.

By/Por: _____

DocuSigned by:

FB3FC70D2BBC41A...

Hildeberto Aldeco Baltazar

Date/Fecha: 10/30/2017 _____

DocuSign Envelope ID: BE54FAF8-E86E-4BF0-A186-36728DA0057A

By signing below, I acknowledge that I have reviewed and accept the terms of the "Final Class Action Settlement Agreement" between VIOLETA SOLIS, CESAR SALAZAR, EDGAR CEBALLOS, AARON SALAS, HILDEBERTO ALDECO BALTAZAR, JUAN RAMON RODRIGUEZ, ADRIANA LIRA, NANCY GUTIERREZ, BEATRIZ MIRAMONTES and THE CIRCLE GROUP, LLC.

Al firmar aqui, reconozco que he revisado y acepto los términos del "Acuerdo de Conciliación Final de la Demanda Colectiva" entre VIOLETA SOLIS, CESAR SALAZAR, EDGAR CEBALLOS, AARON SALAS, HILDEBERTO ALDECO BALTAZAR, JUAN RAMON RODRIGUEZ, ADRIANA LIRA, NANCY GUTIERREZ, BEATRIZ MIRAMONTES y THE CIRCLE GROUP, LLC.

By/Por: _____

Violeta Solis

Date/Fecha: __31/10/2017_____